UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES LEE MAYS**                                                                                      **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:20-CV-P197-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

### I. SUMMARY OF COMPLAINT

Plaintiff James Lee Mayes is a pretrial detainee incarcerated at the Daviess County Detention Center (DCDC). He names as Defendants DCDC and DCDC Lieutenant James Wyatt. He sues Defendant Wyatt in both his official and individual capacities.

Plaintiff alleges that he was incarcerated with a severe head injury after being hit with a bat approximately one month earlier. He states that upon his arrival at DCDC, he informed various deputies about his head injury, which he reported was causing him severe head and neck pain as well as blurry vision. He alleges that he requested to "see medical," but that the deputies denied his requests.

Plaintiff then states that after he was placed in a holding cell, he stepped out of the cell to show another correctional officer "the visiable swelling of [his] intire head." Plaintiff states that Defendant Wyatt then approached him and asked "what was wrong." Plaintiff alleges that he informed Defendant Wyatt about his head injury and requested to see medical but that Defendant

Wyatt denied his request. Plaintiff states that Defendant Wyatt then forcefully slammed Plaintiff's holding cell door key into Plaintiff's right hand "drawing blood and leaving visiable scar."

As relief, Plaintiff requests damages and to "to be acquitted of all charges & released from custody."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant DCDC and the Official-Capacity Claims

Defendant DCDC is not an entity subject to suit under § 1983. *See, e.g.*, *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail "is not an entity subject to suit under § 1983"). Rather, the claims against it are actually against Daviess County as the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Plaintiff's official-capacity claims against Defendant Wyatt are also against Daviess County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 558, 690 n.55 (1978)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that the various jail officials' refusals to grant his request for medical attention, or Defendant Wyatt's alleged use of excessive force, was the result of a custom or policy implemented or endorsed by Daviess County. Indeed, the alleged incidents appear to be isolated occurrences affecting only Plaintiff, which cannot give rise to a claim against Daviess County. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999).

Thus, Plaintiff's claims at DCDC and his official-capacity claims against Defendant Wyatt will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Upon review of the complaint, the Court will allow Fourteenth Amendment claims for deliberate indifference to a serious medical need and excessive force to proceed against Defendant Wyatt in his individual capacity at this time.[1] In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### C. Injunctive Relief

Finally, the Court turns to Plaintiff's request that he "be acquitted of all charges & released from custody." This claim must be dismissed because Plaintiff cannot seek such relief in a § 1983 action. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

---

[1] While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections for pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against DCDC, his official-capacity claims against Defendant Wyatt, and his request for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate DCDC as a party to this action.**

The Court will enter a Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: December 7, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.011