UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES LEE MAYS**  PLAINTIFF

v.  CIVIL ACTION NO. 4:20-CV-P197-JHM

**DAVIESS COUNTY DETENTION CENTER** *et al.*  DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court upon a motion by Plaintiff James Lee Mays for the appointment of counsel and a motion for clarification in this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action (DN 19). For the following reason, the Court will deny the motion for appointment of counsel but grant the motion for clarification.

As to the first motion (DN 19), Plaintiff requests that he be appointed counsel because he is indigent. "Appointment of counsel in a *civil* case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (emphasis added); *Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) ("[T]here is no right to counsel in prisoner civil rights cases."). Under 28 U.S.C. § 1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "'within the discretion of the court,'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)), and "'is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253

(5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel and a review of the documents filed by Plaintiff in this case reveals that he is sufficiently articulate and able to present his case to the Court. Moreover, Plaintiff does not show how his circumstances are different than other incarcerated plaintiffs. *See, e.g.*, *Stewart v. United States*, No. 2:13-cv-02896-STA-egb, 2017 U.S. Dist. LEXIS 31834, at *1 n.1 (W.D. Tenn. Mar. 7, 2017) (finding appointed counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'. . . . Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation"); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS8641, at *4 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation."). For these reasons, the Court finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the appointment of counsel (DN 9) is **DENIED**. However, nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

The Court next turns to Plaintiff's motion for clarification (DN 19).  In the motion, Plaintiff states: "[T]he courts have allowed my individual claims against James Wyatt for violations of my Eighth and Fourteenth Amendments and claims for deliberate indifference to a serious medical needs to proceed and the Courts have entered a Service and Scheduling Order to govern these claims and [I] would like to know what exactly that means so I may better understand."

**IT IS HEREBY ORDERED** that Plaintiff's motion for clarification (DN 19) is **GRANTED**.  The language cited by Plaintiff means that these claims have been allowed to proceed beyond the Court's required review under 28 USC § 1915A.  The Service and Scheduling Order sets forth deadlines both Plaintiff and Defendant Wyatt must adhere to as this action proceeds.  Plaintiff should to refer to the *Pro Se* Prisoner Handbook sent to him by the Clerk of Court regarding any other questions he may have.

Date: February 1, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011