UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00197-JHM-HBB

**JAMES LEE MAYS**                                                                                          **PLAINTIFF**

**VS.**

**DAVIESS COUNTY DETENTION CENTER et al**                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court are three intertwined motions by Plaintiff James Lee Mays, and all three motions are seeking the same information: a copy of the video record from inside T-Cell 231 in Daviess County Detention Center between 6:45pm on July 23, 2020, and approximately 1:00pm on July 24th, 2020 (DN 51, 55, 57).  This video is purportedly relevant because it would show the actions of the parties during the relevant period of time in which the alleged actions giving rise to this matter (Id.).  For the forthcoming reasons, the motions for discovery or subpoenas (DN 51, 55, 57) are **DENIED**, and the motion for a certificate of good faith (DN 59) is **DENIED** as moot.

Defendant Wyatt has responded by arguing that the request should be denied for two reasons: 1) Plaintiff has not served Defendant Wyatt's counsel with a Request for Production of Records; and more importantly, 2) the video record no longer exists (DN 61).  Defendant Wyatt reiterates the steps necessary for the production of records, which were laid out in the District Jduge's previous orders (Id.); *see also* (DN 43, 54).  Defendant Wyatt states that while there are multiple cameras and video systems at Daviess County Detention Center, the video systems will overwrite the previously-stored recording if the storage capacity of the system is reached (DN 61 PageID 388).  Thus, when Plaintiff made his request for the video on August 24, 2020—one month

after the incident—the video was already overwritten (Id.).  To support this claim, Defendant Wyatt attached an affidavit from Daviess County Jailer, Art Maglinger, who stated that "[t]he video footage inside of Cell T-231 has a storage capacity of twelve days[,]" and since Plaintiff did not file any request until a month after the alleged incident, "the video footage showing the inside of Cell T-231 . . . no longer existed" (DN 61-1 PageID 391).  As a result, "[n]o video footage as requested by Plaintiff can be found, located, copied, or produced" (Id. at PageID 392).

As the District Judge as previously explained, in order for Plaintiff to receive records from Defendant Wyatt, Plaintiff must serve Defendant Wyatt's counsel with a request for production of records, pursuant to FED. R. CIV. P. 34.  Only after Defendant Wyatt's counsel has been served with such a request, and counsel does not respond or object within thirty (30) days, then Plaintiff may file a motion to compel and a certificate of good faith.  FED. R. CIV. P. 37(a)(1).

While Plaintiff may argue KRS §§ 171.710 and 171.720 would prohibit the overwriting of the video, these statutes are, in actuality, meant to prevent the *unlawful* removal or destruction of the records.  If an unlawful removal or destruction of the records occur or are impending, then the Office of the Kentucky Attorney General would then work to recover or redress the issue.  However, in the present case, there has been no evidence presented that Defendant Wyatt or Daviess County Detention Center acted unlawfully.

Therefore, if Plaintiff wishes to continue to try and find the camera footage, he must submit Requests for Production of Records *to Defendant Wyatt's counsel*.  Unless this request is submitted to Defendant Wyatt's counsel, any future motions to compel/subpoena/produce/recover the video footage will be improper.  However, Defendant has already stated that the video Plaintiff seeks to obtain is no longer in existence (DN 61 PageID 388; 61-1).

<u>ORDER</u>

**WHEREFORE**, Plaintiff's motion for discovery related to the electronically stored data (DN 50), motion to subpoena the camera footage (DN 55), and motion for discovery of camera footage (DN 57) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a certificate of good faith (DN 59) is **DENIED as moot**. As a certificate of good faith is filed in tandem to a motion to compel production of records, and Plaintiff's motion has been denied, the certificate of good faith is no longer necessary.

H. Brent Brennenstuhl
United States Magistrate Judge

April 22, 2021

Copies:  Counsel of Record
James Lee Mays, *pro se*