# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:20-CV-00197-JHM-HBB

**JAMES LEE MAYS**                                                        **PLAINTIFF**

**VS.**

**DAVIESS COUNTY DETENTION CENTER et al**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court are four motions by Plaintiff, James Lee Mays, to subpoena four witnesses to testify at trial (DN 46, 47, 49, 50). For the reasons set forth below, all of Plaintiff's motions are **DENIED**.[1]

DN 46 moves this Court for a subpoena to command Deputy Chris Durbin to testify in this matter (DN 46). Plaintiff cites FED. R. CIV. P. 29(a), but that rule is only applicable to stipulations between parties as to depositions (Id. at PageID 291). FED. R. CIV. P. 29. However, Plaintiff has not indicated for what purpose he is seeking to have Deputy Durbin testify, when he wants Deputy Durbin to testify, where he wants Deputy Durbin to testify, and Plaintiff has not paid the required fees and expenses for the witness (DN 46).

DN 47 moves this Court to subpoena Deputy Seth Culver to "attend and testify at trial" in this matter (DN 47). Like the previous motion, Plaintiff has not indicated for what purpose he is seeking to have Deputy Culver testify, when he wants Deputy Culver to testify, where he wants

---

[1] The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for determination of all nondispositive matters (DN 63).

Deputy Culver to testify, and Plaintiff has not paid the required fees and expenses for the witness (Id.). Next, Plaintiff improperly cites to FED. R. CIV. P. 29, which relates to stipulations, and the rule is not applicable in this matter. Additionally, this motion is premature, as a trial date has not been set yet, nor have the parties certified that discovery is even complete.

DN 49, like DN 47, moves this Court to subpoena Deputy Joni Bocianoski to "attend and testify . . . [i]n the trial proceedings" (DN 49). However, Plaintiff then cites to FED. R. CIV. P. 31, which pertains to depositions by written questions (Id. at PageID 309). Moreover, Plaintiff, again, has not indicated for what purpose he is seeking to have Deputy Bocianoski testify, when he wants Deputy Bocianoski to testify, where he wants Deputy Bocianoski to testify, and Plaintiff has not paid the required fees and expenses for the witness (DN 49).

Finally, DN 50 moves this Court to issue a subpoena for Sergeant Shawn Longest, who was the former shift supervisor at Daviess County Detention Center (DN 50 PageID 313). Plaintiff is moving to have Sergeant Longest "attend and testify at trial" (Id.). This motion is premature as discovery has not been completed, nor has a trial date been set. Further, Plaintiff has not paid the required fees and expenses for the witness

## DISCUSSION

As the District Judge already noted in his prior Order (DN 43), denying Plaintiff's previous motions to subpoena witnesses (DN 29, 32):

> Fed. R. Civ. P. 45(b)(1) provides, in pertinent part, that "service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." This Rule requires the simultaneous tendering of the witness fee, or $ 40, as well as the estimated mileage expenses, with the service of a subpoena. *Hazelwood v. Webb*, No. 4:06-CV-P107-M, 2007 U.S. Dist. LEXIS 71778, at *6 (W.D. Ky. 2007) (citing *CF & I Steel Corp. v. Mitsui*

> *& Co.*, 713 F.2d 494 (9th Cir. 1983)).  Failure to tender fees and mileage expenses renders a subpoena invalid and releases the witness of any obligation to appear.  *See, e.g.*, *Andreola v. Wisconsin*, No. 04-C-0282, 2006 U.S. Dist. LEXIS 19123, at *30 (E.D. Wis. Apr. 4, 2006) (citing Wright & Miller, Federal Practice and Procedure: Civil 2d § 2454 at 25-26 (West 1995)).  Although Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Sixth Circuit has held that § 1915 does not provide statutory authority for the Court to waive the witness fees. *Hazelwood v. Webb*, 2007 U.S. Dist. LEXIS 71778, at *7 (citing *Johnson v. Hubbard*, 698 F.2d 286, 290 (6th Cir. 1983)).

(DN 43 PageID 280) (footnote omitted).  The District Judge also informed Plaintiff of the option to obtain testimony through affidavits, which Plaintiff can use as evidence in support of, or in opposition to, a motion for summary judgment (Id. at PageID 280-81).

Additionally, the means in which Plaintiff seeks subpoenas are improper.  LR 4.3 requires Plaintiff to prepare the subpoena and then present the completed document to the Clerk for signature and sealing.  In addition to the copies included with this Order, the subpoena form (AO 88) may be found on the United States District Court website: https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-appear-and-testify-hearing-or-trial-civil-action.  If the subpoenas are met with approval, then they will be delivered to the United States Marshal Service to serve the witnesses.

Finally, Plaintiff is advised to clarify whether he is seeking to depose each witness, which would fall under the umbrella of discovery, or whether he is seeking for them to testify at trial, which would render this request premature.

ORDER

**WHEREFORE**, Plaintiff's motions to subpoena Deputy Chris Durbin (DN 46), Deputy Seth Culver (DN 47), Deputy Joni Bocianoski (DN 49), and Sergeant Shawn Longest (DN 50) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court mail Plaintiff four copies of a subpoena form.

H. Brent Brennenstuhl
United States Magistrate Judge

April 22, 2021

Copies:   James Lee Mays, *pro se*
Counsel of Record