## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:20-CV-00197-JHM-HBB

**JAMES LEE MAYS**                                                                      **PLAINTIFF**

**VS.**

**DAVIESS COUNTY DETENTION CENTER et al**                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff James Lee Mays' motion for "Permissive Joinder of Parties" (DN 48). After review of the motion, it is construed as a motion to consolidate this matter with Plaintiff's action against Southern Health Partners and certain employees (Id.). Defendant Wyatt has responded in opposition (DN 56). For the reasons that follow, Plaintiff's motion to consolidate his two cases is **DENIED**.

## NATURE OF THE CASES

This case is an action with claims brought by Plaintiff against Defendant Wyatt for "both deliberate indifference to a serious medical need and excessive force" (DN 56 PageID 347; *see also* DN 1). Plaintiff alleges that after he was arrested on July 23, 2020, he was transported to Daviess County Detention Center ("DCDC") for holding (DN 1; DN 58). While there, Plaintiff informed the medical screening profession about a "severe head injury" that Plaintiff suffered a month prior to his arrest, as a result of Plaintiff being struck in the head with a bat (DN 1 PageID 4; DN 58 PageID 357). However, according to Plaintiff, no action was taken (Id.).

During the next several hours, Plaintiff repeatedly attempted to speak to DCDC deputies about being seen by medical staff (DN 1 PageID 4-5; DN 58 PageID 358-66). Each request was denied (Id.). Ultimately, on the morning of July 24, 2020, Plaintiff spoke with Deputy Chris Durbin to seek medical attention, and when Plaintiff's request was denied, Plaintiff was ordered to return to his cell (Id.). "[P]laintiff complied, yet as [P]laintiff re-entered the cell he desperately placed his right hand and arm out through the threshold and placed his hand out over the lock mech[a]nism in an attempt to demand to be heard" (DN 58 PageID 366). Plaintiff continued to loudly demand medical attention, which attracted both Sergeant Hemphling and Defendant Wyatt to the cell (Id. at PageID 366-67). According to Plaintiff, Defendant Wyatt demanded that Plaintiff remove his hand, and when Plaintiff did not comply, Defendant Wyatt shoved Plaintiff into the cell and "slammed the key into [P]laintiff's hand" (Id. at PageID 368-69).

As a result, Plaintiff accused Defendant Wyatt and DCDC[1] of "both deliberate indifference to a serious medical need and excessive force" (DN 56 PageID 347; *see also* DN 1).

In contrast, Plaintiff's other case, Mays v. Southern Health Partners et al, 4:20-CV-00209-JHM, is a 42 U.S.C. § 1983 action which alleges deliberate indifference to a serious medical need during the DCDC intake examination and medical neglect, as well as, in essence, medical malpractice due to the lack of testing for other alleged injuries (4:20-CV-00209-JHM, DN 1 PageID 4-5). While the first claim falls in line with Plaintiff's prior argument that he was improperly admitted when needing medical attention, the other two claims in the Southern Health matter are related to separate, later incidents that did not occur in DCDC or with Defendant Wyatt.

---

1  Daviess County Detention Center was dismissed as a defendant in this matter on December 8, 2020 (DN 7). Plaintiff's claims against DCDC were not appropriate, as "DCDC is not an entity subject to suit under § 1983" (Id. at PageID 36). Instead, the proper party would have been Daviess County, but "the alleged incidents appear to be isolated occurrences affecting only Plaintiff, which cannot give rise to a claim against Daviess County" (Id. at PageID 36-37).

2

## MAYS' MOTION TO CONSOLIDATE

Citing to FED. R. CIV. P. 17, 18, and 20, Plaintiff argues that the cases should be consolidated because "had [P]laintiff been properly screened by the defendant in [Southern Health Partners,] then[n] [P]laintiff would have never been allowed in the detention facility" (DN 48 PageID 304).  Thus, if Plaintiff had never been allowed into DCDC, then the alleged acts of Defendant Wyatt would never have occurred (Id.).  Additionally, the initial medical screening and the alleged assault "occur[r]ed on the same date at the same place in the same occur[e]nce of events" (Id.).

## WYATT'S RESPONSE

Defendant Wyatt "does not believe that [FED. R. CIV. P.] 17 is applicable to Plaintiff's prayer for relief" (DN 56 PageID 347).  "[W]hile there is some overlap in the claims, the bulk of Plaintiff's allegations against the Southern Health Partners personnel are unrelated to the pending claim involving Defendant Wyatt" (Id.).  Defendant Wyatt also, correctly, recognized that the present motion could be construed as a motion to consolidate and stated that while "joinder is a matter left to the sound discretion of the Court[,]" if the present motion was construed as a motion to consolidate, Defendant Wyatt "takes no position" (Id. at PageID 347-48).

## DISCUSSION

Defendant Wyatt is correct in stating that Rule 17 is inapplicable to the present case.  The designations listed in Rule 17(a)(1) list the persons that "may sue in their own names without joining the person for whose benefit is brought[.]"  Fed. R. Civ. P. 17(a)(1).  This means that a party can sue on their own accord, and do not require an alternative person to be joined with them in order for the suit to continue.  These examples are not applicable here.

As for Rule 18, this rule is also inapplicable. Rule 18 pertains to Joinder of Claims, which means that if a party is asserting a claim, counterclaim, crossclaim, or third-party claim, then the party should assert as many claims as possible, whether they be independent or alternative to the other claims. Fed. R. Civ. P. 18(a). The purpose of this rule is to reinforce "the whole tendency . . . to require a plaintiff to try his whole cause of action and his whole case at one time[.]" United Mine Workers of America v. Gibbs, 383 U.S. 715, 723 (1966) (quoting Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 320 (1927)). This does not mean that all cases should be combined into one, even if they have some connection. Instead, it means that a plaintiff should try and assert all claims against an opposing party at once, so all claims can be decided at once, rather than piecemeal proceedings over time.

Finally, Rule 20 governs Permissive Joinder of Parties, which is applicable here. Persons or entities may be joined as defendants in a case if:

> A. Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> B. Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." Eaves-Leanos v. Assurant, Inc., 2008 U.S. Dist. LEXIS 1384, *5 (W.D. Ky. Jan. 7, 2008) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). To determine whether joinder is applicable, "the courts have inquired whether 'there is a logical relationship between the separate causes of action' that the plaintiff seeks to join in a single case. . . . 'The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.'" GEICO Corp. v. Autoliv, Inc., 345 F.Supp.3d 799, 813 (E.D. Mich. 2018) (quoting In re EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir.

4

2012)). "Stated differently, the plaintiffs' claims must share an aggregate of operative facts." Id. (quoting Stojcevski v. County of Macomb, 143 F.Supp.3d 675, 682-83 (E.D. Mich. 2015)). But, "[p]ermissive joinder ultimately rests with the sound discretion of the court, which must determine if joinder will comport with the principles of fundamental fairness." Shaffer v. Donoghue, No. 3:17-CV-571-RGJ, 2019 WL 321422, at *5 (W.D. Ky. Jan. 24, 2019).

Here, the majority of the claims between the two cases are unrelated. While the initial claim of deliberate indifference to a serious medical need is the same between Southern Health and Defendant Wyatt, all the remaining claims are independent from each other. Plaintiff claims excessive force against Defendant Wyatt (DN 56 PageID 347; *see also* DN 1), while claiming medical neglect and medical malpractice against Southern Health (4:20-CV-00209-JHM, DN 1 PageID 4-5). The claims against Defendant Wyatt were in DCDC, several hours after Plaintiff's arrest, and none of the defendants from Southern Health were present. The claims against Southern Health occurred at a later time, at a different location, and without Defendant Wyatt present. Therefore, for the large majority of the claims, the actions of the defendants are not from the same transaction or occurrence.

Fed. R. Civ. P. 42 governs consolidations, and it states that the Court may consolidate the actions if they involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). Here, there may be a common question of fact or law regarding whether the defendants in both cases deliberately disregarded a serious medical need. However, as explained above, the majority of the claims in the two cases occurred independently from each other, and the parties from each case were not present for the other actions.

Therefore, based on the aforementioned reasoning, Plaintiff has not met the requirements for permissive joinder of parties or consolidation of cases.

## ORDER

**WHEREFORE**, Plaintiff's motion to consolidate cases (DN 48) is **DENIED**.

April 26, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel of Record
James Lee Mays, *pro se*